Case 1:17-vv-00955-UNJ   Document 14   Filed 12/05/17   Page 1 of 3

ORIGINAL

REISSUED FOR PUBLICATION
DEC 5 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 17-955V
Filed: November 8, 2017

FILED
NOV - 8 2017
U.S. COURT OF FEDERAL CLAIMS

```
* * * * * * * * * * * * *
KATHLEEN PEDDYCORD WILSON,  *
                            *     Dismissal; Pneumococcal
        Petitioner,         *     Conjugate Vaccine;
                            *     Congestive Heart Failure
v.                          *
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
        Respondent.         *
* * * * * * * * * * * * *
```

*Kathleen Peddycord Wilson*, Pro Se, Raleigh, NC.
*Camille Collett, Esq.*, U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

On July 17, 2017, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that a pneumococcal conjugate vaccination she received on December 1, 2014, caused her to develop congestive heart failure. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

A status conference was held on August 2, 2017, during which petitioner was advised to retain an attorney with experience in the Vaccine Program. Status Report Order, ECF No. 9. Petitioner was referred to the list of attorneys who are admitted in the Court of Federal Claims, which had been enclosed in the Initial Order. She was advised that she did not need to retain an attorney who lived in her state. She was further advised that the Vaccine Program may award reasonable attorneys' fees and costs, and that she should not pay an attorney an hourly or contingency fee to represent her in this matter. The Order further noted that petitioner was repeatedly calling respondent's counsel via telephone multiple times a day with questions about the Vaccine Program and to discuss her case. Petitioner was asked to refrain from contacting respondent's counsel outside of court proceedings. Petitioner was directed to advise the Court by September 18, 2017, of her progress in retaining representation from an attorney who practices in the Vaccine Program.

On August 21, 2017, petitioner filed a letter stating that she has been unable to find an attorney and requesting that her case be dismissed. ECF No. 10.

A status conference was scheduled for October 3, 2017, at 2:00 PM. When chambers telephoned petitioner for the status conference, she first answered the phone, but when my law clerk identified herself, petitioner said it was a wrong number and hung up. Upon my clerk's further attempts to reach petitioner on the number that had been successful in the past, petitioner failed to answer the phone. Thereafter, an Order was issued which advised petitioner of the different ways to exit the Vaccine Program. Scheduling Order, ECF No. 11. Petitioner was directed to file a Status Report by November 3, 2017, indicating whether she would like a Ruling on the Record or a Dismissal Decision to be issued. ECF No. 11.

Petitioner contacted chambers via telephone on October 13, 2017, regarding the dismissal of her case and reimbursement of her filing fee. She was advised that she would receive a decision dismissing her case after November 3, 2017. Petitioner was further advised that she could file a request for reimbursement of the $400 filing fee after she received the dismissal decision and judgment had entered.

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a

vaccination. Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly. Petitioner has until <u>Monday, May 7, 2018</u>, to file for reimbursement of the filing fee.

**IT IS SO ORDERED.**

_____
Mindy Michaels Roth
Special Master