ORIGINAL

REISSUED FOR PUBLICATION
JULY 23 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

FILED
JUN 28 2018
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 17-955V
Filed: June 28, 2018

| | | |
|---|---|---|
| KATHLEEN PEDDYCORD WILSON, | * | UNPUBLISHED |
| Petitioner, | * | |
| v. | * | Decision on Costs; Pro se |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Kathleen Peddycord Wilson, Pro Se*, Raleigh, NC.
*Camille Collett, Esq.*, U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION AWARDING PETITIONER'S COSTS[1]

**Roth,** Special Master:

On July 17, 2017, Kathleen Peddycord Wilson ("Ms. Wilson" or "petitioner") filed a petition *pro se* in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that a pneumococcal conjugate vaccination she received on December 1, 2014, caused her to develop congestive heart failure. On August 21, 2017, petitioner filed a letter requesting dismissal of her claim. ECF No. 10. On November 8, 2017, the undersigned issued a Decision dismissing petitioner's claim. ECF No. 13.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

On April 30, 2018, petitioner filed a Motion for Reimbursement of Fees, requesting reimbursement of her $400.00 filing fee. Motion, ECF No. 16.

On May 30, 2018, respondent filed a response to petitioner's Motion. Response, ECF No. 18. Respondent noted that, because the Court did not find petitioner entitled to compensation, "petitioner is not entitled as a matter of law to reimbursement of her filing fee." Response at 2. Respondent then deferred to the special master as to whether or not petitioner met the requirements of good faith and reasonable basis. *Id.*

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

Petitioners "are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Reasonable basis is typically viewed as "an objective standard determined by the totality of the circumstances." *Chuisano v. United States*, 116 Fed. Cl. 276, 286 (2014). "This totality of the circumstances assessment should take into account evidence available at the time a claim is filed and evidence that becomes available as the case progresses." *Cottingham v. Sec'y of Health & Human Servs.*, 134 Fed. Cl. 567 (2017). Special masters are afforded "maximum discretion" in applying the reasonable basis standard. *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 402 (2012).

Ms. Wilson was 78 years old when she received the Prevnar 13 vaccine at her local Walgreens on December 1, 2014. Pet. Ex. 1 at 1. Prior to receiving the Prevnar vaccine, Ms. Wilson did not suffer from congestive heart failure. Pet. Ex. 2 at 25. On December 17, 2014, Ms. Wilson was diagnosed with congestive heart failure. Pet. Ex. 2 at 2.

The contemporaneous medical records indicate that petitioner reported developing a fever following her vaccination. On December 17, 2014, Dr. Rose noted that petitioner "[h]ad been jogging a mile daily until ~10 days ago when onset of febrile illness, cough, pleuritic chest pain and malaise….No real symptoms prior to about 10 days ago." Pet. Ex. 2 at 1. On December 31, 2014, Dr. Flescher noted, "Patient got a pneumonia booster at Walgreens Monday 12/01/14, and subsequently developed fever." Pet. Ex. 2 at 5. On January 2, 2015, Dr. Flescher noted, "Patient with progressive symptoms since 12/1/14" and "12/01/2014 vaccination pneumonia booster at Walgreens, with subsequent fever." Pet. Ex. 2 at 3.

Ultimately, petitioner's medical records did not support a finding that her alleged injury was vaccine-caused or vaccine-related. A status conference was held on August 2, 2017, during which petitioner was advised to retain an attorney with experience in the Vaccine Program. Status Report Order, ECF No. 9. On August 21, 2017, approximately one month after filing her claim, petitioner filed a letter stating that she has been unable to find an attorney and requesting that her case be dismissed. ECF No. 10.

In the instant matter, the "totality of the circumstances" involves a *pro se* petitioner who

filed medical records documenting her vaccination and development of fever, cough, pleuritic chest pain, malaise, and congestive heart failure in the 10 day period following her receipt of a Prevnar vaccine. According to the records, petitioner had no prior symptoms and at the age of 78 was jogging one mile per day. Following discussion in a recorded status conference about the requirements of the Vaccine Program in order to have a successful case, petitioner decided to dismiss her claim. Accordingly, I find that the petitioner has met the requirements of good faith and reasonable basis.

Based on the foregoing, the undersigned awards **$400.00**,[3] representing reimbursement for out-of-pocket costs, in the form of a check made payable to petitioner, Kathleen Peddycord Wilson. The Clerk of Court is directed to enter judgment in accordance with this Decision.

**IT IS SO ORDERED.**

Date: 6/28/18

Mindy Michaels Roth
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).